

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Jean Day
County Attorney
Henderson County
Athens, Texas

Dear Sir:

Opinion No. O-4390
Re: Approval of constable's
official bond by commis-
sioners' court, when said
bond is other than bond
made by a surety company.

We are in receipt of your letter of recent date requesting the opinion of this department on the above stated matter. Your letter, in part, reads as follows:

"Does the Commissioners' Court of the County have to approve a bond for a constable when it is other than a surety bond?"

As we understand your question, you desire an opinion as to whether the commissioners' court must approve a bond for a constable when the bond submitted is other than a bond executed by said constable with a solvent surety company authorized to do business in this State.

Articles 6881, 4970, 5998, Vernon's Annotated Civil Statutes, and Article 389, Vernon's Annotated Penal Code, are pertinent to your inquiry.

Article 6881, V.A.C.S., provides:

"Each person who may be elected to the office of Constable shall, before entering upon the duties of the office, give a bond with two or more good and sufficient sureties, to be approved by the Commission-ers Court of his county, for such sum as may be dir-ected by said Court, not less than Five Hundred

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Dollars ($500.00) nor more than Fifteen Hundred
Dollars ($1,500.00), payable to the Governor and
his successors in office, conditioned for the
faithful performance of all the duties required
of him by law; and shall also take and subscribe
the oat of office prescribed by the Constitution,
which shall be indorsed on said bond, together
with the certificate of the officer administer-
ing the same; which bond and oath shall be re-
corded in the office of the Clerk of the County
Court, and deposited in said office; said bond
shall not be void on the first recovery, but may
be sued on from time to time in the name of the
party injured until the whole amount thereof is
recovered."

Article 5998, V.A.C.S., provides:

"The official bond of each officer shall be
executed by him with two or more good and suffi-
cient sureties or a solvent surety company author-
ized to do business in this State."

Article 4969, V.A.C.S., in part provides:

"Private corporations may be created to act
as trustee, assignee, executor, administrator,
guardian and receiver, when designated by any
person, corporation or court to do so; to do a
general fiduciary and depository business; to
act as surety and guarantor of the fidelity of
employees, trustees, executors, administrators,
guardians, or others appointed to, or assuming
the performance of any trust, public or private,
under appointment of any court or tribunal, or
under contract between private individuals or
corporations; . . . . . also on any bond or bonds
that may be required of any State official
of any school district or of any municipality,
provided that the commiss oners courts of each

county shall have the right to reject any or
all official bonds made by surety companies and
in their discretion may require any or all of-
ficials to make their official bonds by personal
sureties."

Article 4970, V.A.C.S., in part, provides:

"Whenever any bond, undertaking recognizance
or other obligation is, by law or the charter, or-
dinances, rules and regulations of a municipality,
board, body, organization, court, judge or public
officer, required or permitted to be made, given,
tendered or filed, and whenever the performance of
any act, duty or obligation, or the refraining from
any act, is required or permitted to be guaranteed,
such bond, undertaking, obligation, recognizance or
guarantee may be executed by a surety company, quali-
fied as hereinbefore provided; and such execution by
such company or such bond, undertaking, obligation,
recognizance or guarantee shall be in all respects
a full and complete compliance with every law,
charter, rule or regulation that such bond, undertak-
ing, obligation, recognizance or guarantee shall be
executed by one surety or by one or more sureties,
or that such sureties shall be residents, or house-
holders, or freeholders, or either, or both, or
possess any other qualification and all courts,
judges, heads of departments, boards, bodies, muni-
cipalities, and public officers of every character
shall accept and treat such bond, undertaking,
obligation, recognizance or guarantee when so
executed by such company, as conforming to, and
fully and completely complying with, every require-
ment of every such law, charter, ordinance, rule
or regulation. . . . ."

Article 389, P. C., provides:

"Any officer whose duty it may be to pass
upon and approve the official bond of a sheriff,
or other county officer, who shall approve such
bond when any surety thereon is not a resident
of the county of such sheriff or other officer,
shall be fined not less than one hundred nore
more than five hundred dollars. Acts 1874, p. 93."

From a reading of the foregoing statutes, it is apparent that a constable may submit for approval an official bond executed by him with (1) two or more good and sufficient sureties, or (2) a solvent surety company authorized to do business in this State. Also, we call your attention to that part of Article 4069 which provides that a commissioners' court shall have the right to reject any or all official bonds made by surety companies and in its discretion may require any or all officials to make their official bonds by personal sureties. State differently, it is optional with the commissioners' court as to whether an official bond made by a surety company will be approved. However, we find no authority for a commissioners' court to require a constable to make in his official bond with a surety company. Although a commissioners' court may reject any or all official bonds made by surety companies, if an official submits an official bond executed by him with two or more good and sufficient personal sureties, who reside in the county of the residence of said officer, the court should approve same. With reference to the approval of official bonds made by an official with two or more personal sureties, Article 389, P. C., makes it a penal offense to approve a bond of a county officer if any surety thereon is not a resident of the county of such officer; however, this Article is satisfied when a bond is made by a surety company (Art. 4970);

Although the approval of an official bond involves the exercise of discretion, it has been held that mandamus will lie to compel action on the part of the approving officer when he has refused to approve a bond arbitrarily or without exercising discretion (Gouhenour v. Anderson, 81 S.W. 104). There must be a legal reason for disapproving a bond (Martin v. Foy, 234 S.W. 698).

In view of the foregoing, it is the opinion of this department that a commissioners' court may reject any and all official bonds made by surety companies, but the court is not authorized to restrict its approval of official bonds to those made by surety companies. The commissioners' court may determine the solvency of a constable's official bond submitted for approval, but it is not authorized to reject said official's bond in the proper amount, when executed by said official with two or more good and sufficient sureties, who reside in the county of the residence of said officer, merely because said bond is not one made by a surety company.

Honorable Jean Day, Page 5


        Trusting that the foregoing fully answers your
inquiry, we are

                                Yours very truly

                        ATTORNEY GENERAL OF TEXAS


                        By

                                /s/  J. A. Ellis
                                      Assistant

JAE:ddt:lw

APPROVED JAN 29, 1945
/s/ Carlos C. Ashley
FIRST ASSISTANT ATTORNEY GENERAL

APPROVED OPINION COMMITTEE BY /S/ B. W. B., CHAIRMAN